## CIRCUIT COURT OF THE CITY OF RICHMOND

Lynn Fuss
and Gerald Fuss

v.

Lifenet, Inc.

April 2, 2003

Case No. LPB935-3

BY JUDGE T. J. MARKOW

This case was heard before the Court on March 20, 2003, on a demurrer to the Amended Motion for Judgment.

The Fusses initially filed their Motion for Judgment on April 19, 2002. In response, Lifenet filed a demurrer that this Court sustained on December 18, 2002. That order also permitted the Fusses to file an Amended Motion for Judgment within ten days and allowed Lifenet ten days to respond to the Amended Motion for Judgment.

Besides reiterating all the allegations from the initial Motion for Judgment in their Amended Motion for Judgment, the Fusses allege that their consent to donate their daughter's organs was limited to "heart valves, arms, legs, pericardium" and "skin from her back and chest." (See Plaintiff's Amended Motion for Judgment ¶ 6.) The Fusses claim that Lifenet did not have the consent to harvest their daughter's pelvis, feet, heart, lymph nodes, periodontal skin, and skin from her buttocks. (See Plaintiff's Amended Motion for Judgment ¶ 7.) Further, they allege that Lifenet harvested tissues and organs knowing that the donation of these organs would be unacceptable

because of their daughter's body piercings and viral infection. (*Id.*) Lifenet eventually destroyed the entire donation, but returned the lymph nodes to the Fusses. (See Plaintiff's Amended Motion for Judgment ¶ 16, 17.) The Fusses allege the same three counts of breach of common law duties, intentional infliction of emotional distress, and negligent infliction of emotional distress as had been alleged in their initial Motion for Judgment.

## Analysis

For purposes of a demurrer, the court assumes the plaintiff's pleadings and exhibits attached to it to be true and from that it determines if they constitute a cause of action. *Perk v. Vector Resources Group, Ltd.*, 253 Va. 310 (1997); *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377 (1996). Here, neither the initial nor the Amended Motion for Judgment has any exhibits attached to it. However, upon Lifenet's Motion to Crave Oyer, the Court admitted the Donation Consent to be considered as attached to the Motion for Judgment. When ruling on a demurrer, the court can properly consider documents attached to the Motion for Judgment by a Motion to Crave Oyer as part of the pleadings. *Ward's Equip. Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382-83 (1997).

Gerald Fuss gave consent to Lifenet by telephone on April 23, 1999. In this consent, Mr. Fuss specifically agreed to donate his daughter's heart valves, skin, bone, and associated tissue of the lower and upper extremities, and the pericardium. Mr. Fuss agreed for the gifts to be used for research purposes if they could not be used for transplantation. (See Exhibit 1.) The Fusses claim that this consent does not include the pelvis, feet, heart, lymph nodes, periodontal skin, and skin from the buttocks.

The pertinent statutes applicable to this case are Va. Code §§ 32.1-290, 32.1-290.1, 32.1-295. Under Va. Code § 32.1-290.1(A)(3), Gerald Fuss was authorized to consent to the donation of his daughter's tissue and organs. Lifenet collected this gift through its agent in accordance with Va. Code § 32.1-290.1(B). When making this gift, Mr. Fuss is also deemed to have authorized Lifenet to examine the "medical acceptability of the gift for the purposes intended." (Va. Code § 32.1-290.1(E).) Therefore, Lifenet had the authority to harvest tissue as needed to determine if the gift could be used for transplantation or research purposes.

With regard to harvesting the lymph nodes, Mr. Fuss did not unequivocally consent or refuse to donate the lymph nodes. Under Va. Code § 32.1-290(G), if the donor wants to refuse the gift of a particular tissue or organ, he must specifically refuse to donate the particular tissue or organ. In

the absence of an express refusal, the statute deems that the donor has gifted the tissue or organ. Therefore, the Court holds that Lifenet was authorized to harvest the lymph nodes.

With regard to harvesting the pelvis and the feet, Mr. Fuss consented to the harvesting of bone and associated tissues of the lower extremity in his taped telephone consent. Pelvis and feet are parts of the lower extremity of the human body. Therefore, the Court holds that Lifenet had been authorized to harvest these tissues and organs.

Similarly, the consent form reveals that Mr. Fuss consented to donating the skin. As no differentiation is made in the consent, this would include the periodontal skin and skin from the buttocks. In addition, the transcription of the telephone consent conversation specifies the donation of the skin from chest and back. This would include skin from the buttocks. Therefore, the Court holds that Lifenet had the authority to harvest the skin from these areas.

The Fusses claim that Lifenet had the authority to harvest the heart valves only, not the entire heart. The consent form shows that Mr. Fuss consented to donate the "heart for valves." However, the transcription of the taped telephone consent conversation has the donation listed as "heart valves." Regardless of this discrepancy, Va. Code § 32.1-295(D) provides that "a person who acts in good faith in accord with the terms of this article . . . is not liable for damages in any civil action . . . for his act." The Fusses have alleged no facts which would support a judgment for bad faith on the part of Lifenet in harvesting tissues and organs that they allegedly did not have consent for. The acts of bad faith, if any, relate to the Fusses allegations of what occurred after the harvesting of the body parts. Therefore, this allegation by the Fusses cannot constitute a cause of action under the statute.

The remaining allegations in the Amended Motion for Judgment are the same as the allegations in the initial Motion for Judgment that the Court had ruled upon when sustaining the demurrer on December 18, 2002.

Based on the above findings, the Court sustains the demurrer to the Amended Motion for Judgment. The Amended Motion for Judgment is dismissed with prejudice. Further amendment is not requested nor would it likely be permitted.